UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WANDA SMITH,**
on behalf of herself and all other persons similarly situated, known and unknown,

           Plaintiff,

vs.

**MIDWEST SUPPLY &
MAINTENANCE COMPANY,** a
Michigan for-profit corporation, and
**CHARLOTTE CALLAGHAM,** a
natural person,

           Defendants.

Case No: 2:18-12483
Hon.
Magistrate Judge

_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Wanda Smith ("Plaintiff Smith"), by and through her

attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, for her complaint against

Defendant Midwest Supply and Maintenance Company, Inc. ("Defendant Midwest Supply") and Defendant Charlotte Callagham ("Defendant Callagham") and hereby alleges the following:

## **INTRODUCTION**

1.    This is a civil action seeking relief under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiff Smith is a former employee of Defendants whose rights under the FLSA have been violated. Plaintiff Smith now seeks to recover the benefits due to her from Defendants under the FLSA as a result of Defendants' failure to pay minimum wages to Plaintiff Smith and other similarly situated employees.

2.    Plaintiff Smith seeks a declaration that her rights under the FLSA have been violated; an award of the unpaid wages owed to her; an award of liquidated damages in an amount equal to the unpaid wages owed to her; and an award of reasonable attorneys' fees and costs as provided for in the FLSA, in order to compensate her for damages suffered and to ensure that future employees will not suffer as a result of such illegal conduct on the part of Defendants.

## **JURISDICTION AND VENUE**

3.    This Court has federal question jurisdiction over Plaintiff Smith's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

4.     This Court has supplemental jurisdiction over Plaintiff Smith's state law claims under the Workforce Opportunity Wage Act ("WOWA"), pursuant to 28 U.S.C. § 1367, because these claims are so related to Plaintiff Smith's federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiff Smith worked for Defendants in this District and suffered the damages at issue in this District, Defendants have significant business contacts within this District, and because the actions and events giving rise to Plaintiff Smith's claims occurred in this District.

## PARTIES

6.     Plaintiff Smith is an adult citizen of the State of Michigan who resides in this judicial district.

7.     Defendant Midwest Supply is a for-profit Michigan company with its registered office at 235 S. Main, Plymouth, Michigan 48170.

8.     Upon information and belief, Defendant Callagham is an owner or corporate officer of Defendant Midwest Supply.

## STATEMENT OF MATERIAL FACTS

9.     Plaintiff Smith worked as a janitor for Defendants, providing cleaning services to Defendants' corporate clients. (Exhibit A, ¶ 1, 3).

10.    Plaintiff Smith was an employee of Defendants from approximately April 2017 through August 2017. (Exhibit A, ¶ 1).

11.    While Plaintiff Smith was employed with Defendants, her wage rate was $8.50 per hour. (Exhibit A, ¶ 4).

12.    From January 1, 2017, to January 1, 2018, the minimum wage in the State of Michigan was $8.90 per hour. STATE OF MICHIGAN DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS, WHAT IS THE MICHIGAN MINIMUM WAGE?, at https://www.michigan.gov/lara/0,4601,7-154-59886_27909-140972--,00.html (last accessed August 10, 2018).

13.    Defendants used timekeeping systems which often did not work. (Exhibit A, ¶ 5-9).

14.    These timekeeping issues systematically deprived Defendant Midwest Supply's workers of their wages. (Exhibit A, ¶ 13, 17).

15.    This deprivation of wages pushed the pay rate that they did receive below both the federal and state minimum wages.

16.    Additionally, Defendant Midwest Supply had a problem keeping cleaning supplies in stock. Defendant Callagham would ask janitors to purchase cleaning supplies to finish the work with their own money, with the promise of reimbursing the costs on the janitors' paychecks. (Exhibit A, ¶ 16). However, the

janitors were not reimbursed the money that they spent buying cleaning supplies on Defendant Midwest Supply's behalf. *Id.*

17.    The cost of cleaning supplies put Plaintiff Smith and other janitors' wages even further below the federal and state minimum wages.

18.    Plaintiff Smith knows that Defendants' other janitors were subject to the same illegal pay practices because she discussed her pay issues with them and they told her they experienced the same issues. (Exhibit A, ¶ 17).

## FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiff Smith hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

20.    Plaintiff Smith brings the FLSA claims in this action as a collective action (Counts I and II) under 29 U.S.C. § 216(b).

21.    Plaintiff Smith asserts these claims on her own behalf and on behalf of:

> All current and former hourly employees of Defendant Midwest Supply who worked as janitorial employees at any time during the past three years.

22.    Plaintiff Smith seeks to notify the above employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action.

23.    The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged

above, Plaintiff Smith and similarly situated current and former employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be sent out to all putative class members in accordance with 29 U.S.C. § 216(b).

24.     Upon information and belief, Defendants have employed hundreds of similarly situated employees during the period relevant to this action.

25.     The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff Smith, joinder of each member is not practicable.

26.     Plaintiff Smith asks this Court to require Defendants to furnish her with the employee contact information of other similarly situated employees. The similarly situated employees are readily identifiable by the Defendants and may be located through their records. Plaintiff Smith asks this Court to require Defendants to provide this information so that the putative class members may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

27.     Collective adjudication is appropriate in this case because the employees who Plaintiff Smith wishes to notify of this action have been employed in similar positions to her; have performed work similar to her; have been subject to the same compensation policies and procedures; and have been subject to

compensation practices similar to those which form the basis of her case, including

unlawful failure to pay the minimum wage under the FLSA.

## WOWA RULE 23 CLASS ACTION ALLEGATIONS

28.   Plaintiff Smith repeats and realleges all preceding paragraphs as though

full set forth herein.

29.   Plaintiff Smith seeks to certify her state law claims arising under the

WOWA (Counts III and IV) as a Federal Rule of Civil Procedure Rule 23 Class

Action.

30.   The class which Plaintiff seeks to certify as a Fed. R. Civ. P. Rule 23

Class Action is defined as:

> All current and former hourly employees of Defendant
> Midwest Supply who worked as janitorial employees at
> any time during the past three years.

31.   A class action under Fed. R. Civ. P. Rule 23 is appropriate because:

A. The class is so numerous that joinder of class members is

impracticable. While the precise number of Class Members has not

been determined at this time, Plaintiff believes that Defendants have

employed over 100 janitors during the last three years;

B. There are questions of law or fact common to the class and those

common questions of law or fact predominate over any questions

affecting only individual class members. These common questions of law and fact include, without limitation:

(i)     Whether Plaintiff and the Class Members were entitled to the state minimum wage under WOWA; and

(ii)    Whether Defendants failed to pay the Class Members at least the state minimum wage for all hours that they worked in violation of WOWA.

C.     The Plaintiff and Class Members have been equally affected by Defendants' failure to pay minimum wage making the claims and defenses of Plaintiff typical of those of the Class Members; and

D.     The Class Representative will fairly and adequately protect the interests of the Class Members because they have a commonality of interest in the subject matter and remedies sought. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the Class Members, Defendants, and the Court.

32.     Therefore, a Rule 23 class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Defendant Midwest Supply - Violation of the Minimum Wage Provision of the FLSA

33.     Plaintiff Smith hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

34.     Plaintiff Smith was an "employee" of Defendant Midwest Supply, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant Midwest Supply "suffered or permitted" Plaintiff Smith to work for it.

35.     Defendant Midwest Supply was Plaintiff Smith's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant Midwest Supply "suffered or permitted" Plaintiff Smith to work for it.

36.     Defendant Midwest Supply is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

37.     Defendant Midwest Supply is required to comply with the requirements of the FLSA.

38.     Plaintiff Smith was a non-exempt employee who was entitled to the protections of the FLSA.

39.     The minimum wage provision of the FLSA, 29 U.S.C. § 206, requires employers to pay employees at least the minimum wage for all time worked.

40.     Defendant Midwest Supply failed to pay Plaintiff Smith in compliance with the FLSA because she was not paid at least the minimum wage for all hours she worked in accordance with 29 U.S.C. § 206.

41.     In addition to compensatory damages for her unpaid wages, Plaintiff Smith is owed liquidated damages in an amount equal to her compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and her reasonable attorneys' fees, to be paid by Defendant Midwest Supply for its willful failure to pay at least the minimum wage for all hours worked by Plaintiff Smith.

## COUNT II
## Defendant Callagham - Violation of the Minimum Wage Provision of the FLSA

42.     Plaintiff Smith hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

43.     Defendant Callagham was an employer of Plaintiff Smith under 29 U.S.C. § 203(e) because she "suffered or permitted" Plaintiff Smith to work for her.

44.     Upon information and belief, Defendant Callagham, had either ownership interest in the enterprise Defendant Midwest Supply or operational control of the enterprise during the time in which Plaintiff Smith and the putative class members were not paid in compliance with the FLSA.

45.     As an employer of Plaintiff Smith and the putative class members, Defendant Callagham was required to comply with the requirements of the FLSA.

46.     Defendant Callagham willfully failed to comply with the minimum wage provision of the FLSA.

47.     Under the theory of Corporate Officer Liability adopted by this circuit in *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (1991), Defendant Callagham is jointly and severally liable for the violations of the FLSA.

## COUNT III
## Defendant Midwest Supply - Violation of the Minimum Wage Provision of the WOWA

48.     Plaintiff Smith hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

49.     Plaintiff Smith was Defendant Midwest Supply's "employee" as that term is defined by the WOWA, MCL § 408.412.

50.     Defendant Midwest Supply was Plaintiff Smith's "employer" as that term is defined by the WOWA, MCL § 408.412.

51.     Defendant Midwest Supply knowingly, intentionally, and willfully failed to pay Plaintiff Smith and the putative class members at least the Michigan minimum wage for all hours worked, in violation of the WOWA, MCL § 408.414.

52.     As a result of Defendant Midwest Supply's failure to pay Plaintiff Smith the applicable Michigan minimum wage, Plaintiff Smith is entitled to an award of damages, including but not limited to, compensatory damages, liquidated

damages in an amount equal to her compensatory damages, costs of his lawsuit, and her reasonable attorneys' fees pursuant to MCL § 408.419.

## COUNT IV
## Defendant Callagham - Violation of the Minimum Wage Provision of the WOWA

53.     Plaintiff Smith hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

54.     Plaintiff Smith was Defendant Callagham's "employee" as that term is defined by the WOWA, MCL § 408.412.

55.     Defendant Callagham was Plaintiff Smith's "employer" as that term is defined by the WOWA, MCL § 408.412.

56.     Defendant Callagham knowingly, intentionally, and willfully failed to pay Plaintiff Smith and the putative class members at least the Michigan minimum wage for all hours worked, in violation of the WOWA, MCL § 408.414.

57.     As a result of Defendant Callagham's failure to pay Plaintiff Smith the applicable Michigan minimum wage, Plaintiff Smith is entitled to an award of damages, including but not limited to, compensatory damages, liquidated damages in an amount equal to her compensatory damages, costs of her lawsuit, and her reasonable attorneys' fees pursuant to MCL § 408.419.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Smith, individually and on behalf of all others similarly situated, respectfully requests that the Court grant the following relief:

A.     The actions of Defendants complained of herein be adjudicated, decreed, and declared a violation of Defendants' obligations under the FLSA;

B.     Find that Defendants willfully violated the FLSA, and enter judgment in Plaintiff's favor and accordingly against Defendants, jointly and severally;

C.     Certify the federal-law claims in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendants' workers who are similarly situated to Plaintiff;

D.     Certify the state-law claims in this case as a Federal Rule of Civil Procedure Rule 23 class action;

E.     Declare the rights of the parties and provide commensurate injunctive relief;

F.     Award any compensatory damages due to Plaintiff for any unpaid wages together with an equal amount in liquidated damages according to the applicable statutes of limitations;

G.     Order Defendants to perform an accounting to determine all hours worked by Plaintiff;

H.     Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

I.     Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendants due to its above-described improper conduct;

J.     Award reasonable attorneys' fees and costs to Plaintiff's counsel as allowed by applicable laws and statutes; and

K.     Award such other and further relief as the Court deems just and appropriate.

## **JURY DEMAND**

NOW COMES Plaintiff Smith, by and through her attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of herself and others similarly situated, and hereby demands a trial by jury of the above entitled matter.


Respectfully Submitted,

/s/ Bryan Yaldou
Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200

14

Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Dated: August 10, 2018